1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GRANVAL G. HUNTER-HARRISON,                    No.  2:20-cv-00592-WBS-CKD
      JR.,
12
                         Petitioner,
13                                                   FINDINGS AND RECOMMENDATIONS

            v.
14
      M. ATCHLEY,
15
                         Respondent.
16

17          Petitioner is a state prisoner proceeding pro se in this habeas corpus action filed pursuant

18    to 28 U.S.C. § 2254.  Currently pending before the court is respondent's motion to dismiss the

19    federal habeas petition on the ground that it was filed beyond the one-year statute of limitations.

20    ECF No. 11.  Respondent also contends that the habeas petition is wholly unexhausted and

21    contains a state law claim that is not cognizable on federal habeas review.  ECF No. 11 at 4.  By

22    way of opposition thereto, petitioner filed a motion to stay these proceedings in order to exhaust

23    his state court remedies.  ECF No. 14.  In accordance with an order to show cause issued on

24    September 24, 2020, petitioner filed a complete copy of his prison mail log to assist the court in

25    resolving the pending motions.  ECF Nos. 17, 20.  For the reasons discussed below, the

26    undersigned recommends denying respondent's motion to dismiss based on the statute of

27    limitations, but granting it to the extent that claims one and two are not cognizable on federal

28    habeas review.  The court further recommends granting petitioner's motion for a stay pursuant to

                                                      1

1   Rhines v. Weber, 544 U.S. 269 (2005).[1]

2       **I.**       **Factual and Procedural History**

3         Petitioner entered a no contest plea to two counts of assault with a semi-automatic firearm

4   in the Sacramento County Superior Court.  ECF No. 1 at 1.  On May 18, 2017, he was sentenced

5   to a determinate term of 27 years, 4 months in prison pursuant to the stipulated terms of his plea

6   agreement.  ECF No. 1 at 26-27 (Felony Abstract of Judgment).

7         On direct appeal, petitioner's counsel filed a Wende brief in the California Court of

8   Appeal.  See California v. Wende, 25 Cal.3d 436 (1979).  Petitioner filed a pro se supplemental

9   brief challenging the validity of his plea, the effectiveness of his lawyer, and the applicability of

10  changes to the firearms sentencing enhancement statute under Senate Bill 620.  The California

11  Court of Appeal affirmed petitioner's conviction on March 28, 2018, but modified the judgment

12  to dismiss the remaining charges "as contemplated in the negotiated plea agreement."  ECF No.

13  13-2 at 4 (direct appeal opinion).

14        Petitioner filed a pro se petition for review in the California Supreme Court on April 30,

15  2018.[2]  ECF No. 13-3.  Petitioner raised two claims for relief.  ECF No. 13-3.  He first argued that

16  his plea and sentence were unlawful pursuant to California Penal Code § 667.5.  Id.  Lastly, he

17  asserted that Senate Bill 620 should be applied retroactively to his sentence.  Id.  On July 11,

18  2018, the California Supreme Court denied the petition for review "without prejudice to the filing

19  of a petition for a writ of habeas corpus in the trial court raising the question of the applicability

20  of Senate Bill No. 620… to defendant's no contest plea."  ECF No. 13-4.  However, petitioner

21  alleged in his 2254 petition that he did not receive notice of this decision until over a year later on

22  August 5, 2019.  ECF No 1 at 13, 38-39;  ECF No. 20 at 5.  According to petitioner, a copy of the

23  California Supreme Court decision was sent to him following a letter that he sent requesting

24  information about the status of his direct appeal.  ECF No. 1 at 13, ECF No. 14 at 9-10 (file

25  stamped copy of the letter).

26

27  [1] Hereinafter referred to as a "Rhines stay."

28  [2] This date was calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

1       Next, petitioner filed a habeas corpus petition in the Sacramento County Superior Court

2  on January 21, 2020.[3]   This state habeas petition was denied on April 28, 2020.  ECF No. 13-5 at

3  2 (Sacramento County Superior Court docket sheet).

4       Before this state habeas application was denied, petitioner filed the instant federal habeas

5  corpus application on March 10, 2020.[4]  Petitioner raises three claims for relief.  First, petitioner

6  contends that his plea is void pursuant to California Penal Code § 1016.8 because it is against

7  public policy.  ECF No. 1 at 5.  Next petitioner asserts that he qualifies for sentencing relief

8  pursuant to California Senate Bill 620.  ECF No. 1 at 7.  In his third claim for relief, petitioner

9  alleges that he received ineffective assistance of counsel because his attorney did not keep him

10  informed, "used sharp practices," and coerced him into accepting a plea agreement.  ECF No. 1 at

11  8.

12       Respondent filed a motion to dismiss the 2254 petition on May 26, 2020 arguing that the

13  petition is untimely filed, wholly unexhausted, and contains a non-cognizable state law

14  sentencing challenge.  ECF No. 11.  According to respondent, petitioner's conviction became

15  final on October 9, 2018 following the expiration of time to seek certiorari review by the United

16  States Supreme Court.  ECF No. 11 at 2.  The one-year statute of limitations governing federal

17  habeas petitions commenced the next day and expired on October 9, 2019.  ECF No. 11 at 2-3;

18  see also 28 U.S.C. § 2244(d)(1).  As petitioner's only state habeas corpus petition was not filed

19  until on or about January 21, 2020, he is not entitled to any statutory tolling of the limitations

20  period.  ECF No. 11 at 3; see also 28 U.S.C. § 2244(d)(2).  Based on respondent's calculation,

21  petitioner's § 2254 application was filed 5 months late, on March 10, 2020.

22       While petitioner did not file any specific opposition to respondent's motion to dismiss, he

23  did file a motion to stay and abey these proceedings pursuant to Rhines v. Weber, 544 U.S. 269

24

25  [3] Due to the closure of the Sacramento County Superior Court at the time of filing respondent's motion to dismiss due to COVID 19 restrictions, a copy of this petition was not filed with the

26  state lodged documents.  See ECF No. 11 at 2, n. 5.  Therefore, the prison mailbox rule was not applied to this filing.

27  [4] All of the remaining filing dates were calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988); Campbell v. Henry, 614 F.3dd 1056, 1069 (9th Cir. 2010) (applying

28  the prison mailbox rule to both state and federal filings by incarcerated inmates).

1   (2005).  ECF No. 14.  To establish cause for his failure to previously exhaust state court remedies,

2   petitioner relies upon the year long delay in receiving a copy of the California Supreme Court's

3   decision denying his direct appeal.

4   **II.      Legal Standards**

5   **A.  Statute of Limitations**

6   　　　Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of

7   limitations for filing a habeas petition in federal court.  The one-year clock commences from

8   several alternative triggering dates which are described as:

9   "(A) the date on which the judgment became final by the conclusion
of direct review or the expiration of the time for seeking such review;

10

11   (B) the date on which the impediment to filing ... is removed, if the
applicant was prevented from filing by such State action;

12   (C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court ... and made retroactively
13   applicable to cases on collateral review; or

14   (D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
15   diligence."

16   28 U.S.C. § 2244(d)(1).

17   　　　Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

18   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

19   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

20   governing filings, including the form of the application and time limitations.  Artuz v. Bennett,

21   531 U.S. 4, 8 (2000).  The statute of limitations is not tolled from the time when a direct appeal in

22   state court becomes final to the time when the first state habeas petition is filed because there is

23   nothing "pending" during that interval.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

24   Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot

25   "revive" the limitations period once it has expired (i.e., restart the clock to zero).  Thus, a state

26   court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the

27   limitations period under § 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.

28   2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

4

1    A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the

2    existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that

3    notwithstanding such an impediment he was diligently pursuing relief.  See Holland v. Florida,

4    560 U.S. 631, 649 (2010).  The Supreme Court has further clarified that the diligence required to

5    establish entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only

6    "'reasonable diligence.'"  Holland, 560 U.S. at 653 (citations omitted).  However, the Ninth

7    Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest

8    the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)

9    (internal citations and quotations omitted).  Additionally, petitioner must demonstrate the causal

10   relationship between the extraordinary circumstance and the untimely filing.  Spitsyn v. Moore,

11   345 F.3d 796, 799 (9th Cir. 2003).  With respect to equitable tolling, "the statute-of-limitations

12   clock stops running when extraordinary circumstances first arise, but the clock resumes running

13   once the extraordinary circumstances have ended or when the petitioner ceases to exercise

14   reasonable diligence, whichever occurs earlier."  Luna v. Kernan, 784 F.3d 640, 651 (9th Cir.

15   2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

16                    **B.  Exhaustion of State Court Remedies**

17        The exhaustion of state court remedies is a prerequisite to the granting of a petition for

18   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement

19   by providing the highest state court with a full and fair opportunity to consider each habeas claim

20   before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton

21   v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  The prisoner must "fairly present" both the

22   operative facts and the federal legal theory supporting his federal claim to the state's highest

23   court, "thereby alerting that court to the federal nature of the claim."  Baldwin v. Reese, 541 U.S.

24   27, 29 (2004); see Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other

25   grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).  The United States Supreme Court

26   has held that a federal district court may not entertain a petition for habeas corpus unless the

27   petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy,

28   455 U.S. 509 (1982) (establishing the total exhaustion rule).

1          **C.  Stay and Abeyance**

2              The court may stay a wholly unexhausted federal habeas application if petitioner

3    demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the

4    claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief.  See

5    Rhines v. Weber, 544 U.S. at 278; Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (applying

6    the stay and abeyance procedure to wholly unexhausted petitions).  If petitioner fails to establish

7    any of these three factors then a Rhines stay is not appropriate.

8              In determining what constitutes good cause sufficient for a Rhines stay, the Ninth Circuit

9    Court of Appeals has determined that a petitioner does not have to demonstrate extraordinary

10   circumstances in order to justify a Rhines stay.  Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir.

11   2005).  Instead, the good cause standard is similar to the good cause standard used to excuse

12   procedurally defaulted federal habeas claims.  See Dixon v. Baker, 847 F.3d 714, 720 (9th Cir.

13   2017); see also Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (emphasizing that "[w]hile a

14   bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by

15   evidence to justify a petitioner's failure to exhaust, will.").[5]  The legal standard for cause to

16   excuse a procedurally defaulted claim boils down to objective factors external to the prisoner.

17   See Murray v. Carrier, 477 U.S. 478, 488 (1986) (emphasizing that to establish cause for a

18   procedural default, a petitioner must show that "some objective factor external to the defense

19   impeded counsel's efforts to comply with the State's procedural rule.").

20   **III.     Analysis**

21          **A.  Timeliness of Federal Habeas Petition**

22              In this case, according to respondent's calculation, petitioner only had two months of the

23   statute of limitations remaining by the time that he actually received notice of the California

24   Supreme Court's denial of his direct appeal.  Based on petitioner's undisputed prison mail log, the

25   record establishes the specific delay in sending petitioner notice of the direct appeal decision.

26   _____

27   [5] In Blake, the Ninth Circuit concluded that the ineffective assistance of state habeas counsel can
     constitute "good cause" to support a Rhines stay when it is accompanied by documentary
     evidence rather than a mere "bare allegation" that counsel was ineffective.  Blake, 745 F.3d at
28   983.

                                                         6

1   Compare ECF No. 20 with Guillen v. Terhune, 14 Fed. Appx. 865 at n. 3 (9th Cir. 2001) (unpub.)

2   (rejecting the argument for equitable tolling of the statute of limitations based on the delayed

3   receipt of a state habeas denial where "there is no indication in the record of when Guillen

4   received notice of the denial of the petition, or whether he made any attempt to check on the

5   status of his petition before he received the notice.").  Respondent's calculation of the statute of

6   limitations does not afford petitioner the full benefit of the one-year statute of limitations

7   provided by 28 U.S.C. § 2244(d)(1).  Therefore, the court will liberally construe petitioner's filing

8   of his prison mail log as a request for equitable tolling and/or an alternate start date of the statute

9   of limitations based on the delay in receiving the last direct appeal decision.  See Haines v.

10  Kerner,  (holding that pro se pleadings should be liberally construed).  While, for analytical

11  purposes, it might make a difference whether the court uses an equitable tolling or an alternate

12  start date, in this case, it is a distinction without a difference.

13          While normally the statute of limitations starts 90 days after the California Supreme

14  Court's denial pursuant to 28 U.S.C. § 2244(d)(1)(A), the record in this case demonstrates that

15  petitioner did not receive notice of that decision until August 5, 2019.  See ECF No. 20 at 5.  So,

16  the statute of limitations would be equitably tolled until that date because it was an extraordinary

17  circumstance beyond petitioner's control.  See Holland v. Florida, 560 U.S. 631, 649 (2010).

18  The court further finds that petitioner exercised diligence by filing a status request with the

19  California Supreme Court.  Based on these two findings, petitioner is entitled to equitable tolling

20  of the statute of limitations until he received notice of the California Supreme Court decision.

21  This tolling would end on the day that petitioner finally received a copy of the final direct appeal

22  decision in his case.

23          Alternatively, the statute of limitations would not commence until the date that a state-

24  created impediment to the filing of a federal habeas petition is removed.  See 28 U.S.C.

25  § 2244(d)(1)(B).  In this case, petitioner's prison mail log establishes a state-created impediment

26  to the delivery of the California Supreme Court decision.  ECF No. 20.  The court, therefore,

27  finds that petitioner is entitled to an alternate start date of the statute of limitations.  Regardless of

28  which analytical path is chosen, the court concludes that the statute of limitations did not start in

1   this case until August 6, 2019.  <u>See</u> Fed. R. Civ. P 6(a)(1)(A) (excluding the day of the event from

2   any time period for filing pleadings).  As a result, the statute of limitations did not expire until

3   one year later on August 5, 2020.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243 (9th Cir. 2001) (using

4   Rule 6(a) of the Federal Rules of Civil Procedure to calculate the one-year statute of limitations).

5   Petitioner filed the instant federal habeas petition seven months later on March 10, 2020

6   rendering it timely filed.[6]

7          **B.  State Law Claims for Relief**

8          In the motion to dismiss, respondent alternatively asserts that claim two is not cognizable

9   in federal habeas proceedings because it is based only on the application of state sentencing law.

10   ECF No. 11 at 4-5.  Respondent does not separately discuss claim one in the pending federal

11   habeas petition.  However, the court also finds that claim one is based solely on state law and is

12   therefore not cognizable on federal habeas.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)

13   (emphasizing that "it is not the province of a federal habeas court to reexamine state-court

14   determinations on state-law questions."); <u>Jammal v. Van de Kamp</u>, 926 F.2d 918, 919 (9th Cir.

15   1991) (stating that the federal courts "are not a state supreme court of errors; we do not review

16   questions of state evidence law.").  Petitioner does not contend nor cite to any federal

17   constitutional provision as part of these two claims for relief.  In his first claim, petitioner

18   contends that his plea is void based on California Penal Code § 1016.8.  His second claim for

19   relief requests sentencing relief based exclusively on California Senate Bill 620.  Accordingly,

20   there is no federal constitutional basis for federal habeas corpus relief in either claim.  <u>See</u> 28

21   U.S.C. § 2254(a)(limiting habeas claims to "violation[s] of the Constitution or laws or treaties of

22   the United States.").  For these reasons, the undersigned recommends granting respondent's

23   motion to dismiss with respect to claims one and two because they are not cognizable in federal

24   habeas proceedings.

25

26   [6] While petitioner filed a state habeas petition in the Sacramento County Superior Court on
       January 21, 2020 which would entitle him to additional statutory tolling of the statute of

27   limitations, the court finds it unnecessary to further beat that dead horse.  <u>See</u> 28 U.S.C. §
       2244(d)(2).  Instead, in the interests of judicial economy, the court will turn to the other two

28   horses in the race, which serve as additional grounds for respondent's motion to dismiss.

1        **C.  Exhaustion of State Court Remedies**

2              The court next turns to the issue of the exhaustion of petitioner's state court remedies.

3    While respondent asserts that the entire petition is wholly unexhausted, the only remaining

4    question for the court at this juncture is whether claim three has been properly exhausted in state

5    court.[7]  Claim three, asserting the ineffective assistance of counsel, was not raised on direct

6    appeal and since petitioner has not filed a state habeas corpus petition in the California Supreme

7    Court, this claim has not been presented to the state's highest court.  Accordingly, claim three

8    has not been fully and fairly presented to the California state courts.  See O'Sullivan v. Boerckel,

9    526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete

10   round" of state court review).

11       **D.  Stay and Abeyance**

12             In recognition of his failure to exhaust state court remedies, petitioner has filed a motion

13   to stay these proceedings.  ECF No. 14.  Petitioner specifically requests a stay and abeyance

14   pursuant to Rhines v. Weber, 544 U.S. 269 (2005), based on the delay in receiving a copy of the

15   California Supreme Court decision.  In this case, petitioner has established more than bare

16   allegations that explain his delay in exhausting his state court remedies.  He has provided

17   documentary evidence in the form of his prison mail log during the relevant time period.  See

18   ECF No. 20.  This evidence objectively demonstrates that petitioner had no reason to pursue state

19   habeas relief until he received the California Supreme Court decision which was denied without

20   prejudice to filing a state habeas petition challenging the applicability of Senate Bill 620 to his

21   sentence.  See ECF No. 13-4.  In this light, petitioner has established good cause under Rhines for

22   failing to previously exhaust his state court remedies.  See Blake v. Baker, 745 F.3d 977, 982 (9th

23   Cir. 2014) (finding that good cause is established when petitioner submits a "reasonable excuse,

24   supported by sufficient evidence, to justify that failure" to previously exhaust state court

25   remedies).

26             The second factor for a Rhines stay requires the unexhausted claims to have potential

27   _____

28   [7] In light of the court's recommendation to dismiss claims one and two, as a matter of judicial
     economy, the court will limit its discussion of exhaustion to the only remaining claim for relief.

9

1    merit.  Rhines v. Weber, 544 U.S. at 278.  "A federal habeas petitioner must establish that at least

2    one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines."

3    Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017) (quoting Rhines, 544 U.S. at 277).  In

4    recognition of the comity and federalism problems that are created by assessing the merits of

5    unexhausted claims before a state court has had a chance to rule on them, the Ninth Circuit has

6    determined that this standard is met unless "it is perfectly clear that the petitioner has no hope of

7    prevailing" in state court.  Dixon, 847 F.3d at 722 (citing Cassett v. Stewart, 406 F.3d 614, 624

8    (9th Cir. 2005).  The only unexhausted and cognizable claim in petitioner's § 2254 petition is his

9    ineffective assistance of counsel claim raised in ground three.  In this case, it cannot be said at

10    this stage of the proceedings that petitioner's ineffective assistance of counsel claim of coercing

11    him to plead guilty has "no hope of prevailing" in state court where additional evidence outside of

12    the record can be further developed.[8]  See Cullen v. Pinholster, 563 U.S. 170 (2011) (precluding

13    factual development of claims for the first time on federal habeas review).  Even though

14    petitioner's federal habeas application is devoid of any details about the specific coercion

15    involved, it sufficiently alleges a colorable federal claim.  See Cassett, 406 F.3d at 624.

16    Therefore, the undersigned finds that petitioner has established that at least one of his

17    unexhausted ineffective assistance of counsel claims has potential merit.

18          The last factor petitioner must establish to obtain a Rhines stay is diligence in pursuing

19    relief.  Rhines, 544 U.S. at 278.  In July 2019, petitioner sent a letter to the California Supreme

20    Court requesting information on the status of his case after he had not received any response to

21    his April 30, 2018 pro se petition for review.  ECF No. 14 at 9-10.  The California Supreme Court

22    responded to this letter by sending him a copy of its decision that was issued on July 11, 2018.

23    See ECF No. 20 at 5 (incoming prison mail log demonstrating receipt of letter from the California

24    Supreme Court).  Based on this record, the court does not find that petitioner was engaging in

25    "abusive litigation tactics or intentional delay."  Rhines, 544 U.S. at 278.  Therefore, petitioner

26

27    [8] The court finds it unnecessary to determine whether petitioner's additional sub-claims of
ineffective assistance of counsel based on failing to keep him informed and for using "sharp

28    practices" meet this same standard.

1  meets the diligence standard and is entitled to a stay of these proceedings pursuant to <u>Rhines v.</u>

2  <u>Weber</u>, 544 U.S. 269 (2005).

3      **IV.      Plain Language Summary for Pro Se Party**

4          The following information is meant to explain this order in plain English and is not

5  intended as legal advice.

6          The undersigned has concluded that your federal habeas petition was timely filed based on

7  the delay in receiving notification of the California Supreme Court's decision.  It is further

8  recommended that claims 1 and 2 of your federal habeas petition be dismissed because they are

9  based only on state law.  The court has concluded that these proceedings should be paused to

10  allow you to present your ineffective assistance of counsel claims in state court.  If you disagree

11  with this decision, you may explain why it is wrong within 21 days.  Label your explanation as

12  "Objections to Magistrate Judge's Findings and Recommendation."

13          Accordingly, IT IS HEREBY RECOMMENDED that:

14      1.   Respondent's motion to dismiss (ECF No. 11) be denied based on the statute of

15          limitations and granted to the extent that claims one and two are state law claims not

16          cognizable on federal habeas corpus.

17      2.   Petitioner's motion to stay these proceedings pursuant to <u>Rhines v. Weber</u>, 544 U.S.

18          269 (2005), (ECF No. 14), be granted.

19          These findings and recommendations are submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

21  after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

24  /////

25  /////

26  /////

27  /////

28  /////

11

1   objections shall be served and filed within fourteen days after service of the objections.  The

2   parties are advised that failure to file objections within the specified time may waive the right to

3   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4   Dated:  December 9, 2020

5   _____
    CAROLYN K. DELANEY
6   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12   12/hunt0592.mtd+m2stay.docx

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28