UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANVAL G. HUNTER-HARRISON, JR.,<br><br>  Petitioner,<br><br>  v.<br><br>M. ATCHLEY,<br><br>  Respondent. | No. 2:20-cv-00592-WBS-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss claims 1 and 3-6 of the first amended federal habeas corpus petition on the basis that they are barred by the statute of limitations. ECF No. 35. For the reasons discussed below, the court recommends that the partial motion to dismiss be granted.

**I.    Factual and Procedural History**

Petitioner entered a negotiated no contest plea in the Sacramento County Superior Court to two counts of assault with a semi-automatic firearm which involved a dispute over a motorbike. ECF No. 1 at 1; see also ECF No. 13-2 (Direct Appeal Opinion). As part of his plea, petitioner admitted to the firearms enhancements as well as a strike prior allegation. ECF No. 13-2 at 2. On May 18, 2017, he was sentenced to a determinate term of 27 years, 4 months in prison pursuant to the stipulated terms of his plea agreement. ECF No. 1 at 26-27 (Felony Abstract of

1

Judgment).

### A. Direct Appeal

The California Court of Appeal affirmed petitioner's conviction on March 28, 2018, but modified the judgment to dismiss the remaining charges "as contemplated in the negotiated plea agreement." ECF No. 13-2 at 4.

Petitioner filed a pro se petition for review in the California Supreme Court on April 30, 2018.[1]  ECF No. 13-3.  On July 11, 2018, the California Supreme Court denied the petition for review "without prejudice to the filing of a petition for a writ of habeas corpus in the trial court raising the question of the applicability of Senate Bill No. 620… to defendant's no contest plea." ECF No. 13-4.[2]

### B. State Post-Conviction Proceedings

Petitioner filed a total of six habeas petitions in state court challenging his Sacramento County conviction.

On January 16, 2020, petitioner filed a habeas petition in the Sacramento County Superior Court.  ECF No. 36-1.  It was denied on April 28, 2020.  ECF No. 36-2.

Next, petitioner filed a challenge pursuant to California Penal Code § 1170.95 in the Sacramento County Superior Court on or about January 21, 2020.[3]  ECF No. 36-3 (Sacramento County Superior Court Case Information).  This petition was denied on August 4, 2020.  ECF No. 36-3.

On June 17, 2020, petitioner filed his third habeas petition in the Sacramento County Superior Court.  ECF No. 36-4.  It was denied by order dated October 8, 2020 on the basis that the petition was successive and untimely.  ECF No. 36-5 (citing In re Clark, 5 Cal.4th 750, 774-

---

[1] All filing dates have been calculated using the prison mailbox rule unless otherwise indicated. See Houston v. Lack, 487 U.S. 266 (1988).
[2] Petitioner alleged in his original § 2254 petition that he did not receive notice of this decision until over a year later on August 5, 2019.  ECF No 1 at 13, 38-39; ECF No. 20 at 5.
[3] Respondent was unable to obtain a copy of this petition from the state court.  See ECF No. 35 at 2, n. 4.  Therefore, the prison mailbox rule was not applied to this filing.  Because it was filed during the pendency of his first state habeas petition, however, this does not affect the court's statute of limitations analysis.

1  775 (1993) (describing the bar on successive habeas petitions); In re Robbins, 18 Cal.4th 770,
2  811-12, (1998) (discussing the bar on untimely petitions and exceptions)).
3       Petitioner's next habeas petition was filed on May 9, 2021 in the trial court.  ECF No. 36-
4  6.  It was denied on June 17, 2021 as both untimely and a successive habeas petition.  ECF No.
5  36-7 at 1.
6       The fifth habeas corpus petition was filed on September 16, 2021 in the California Court
7  of Appeal.  ECF No. 36-8.  It was denied on December 29, 2001 without explanation or citation
8  to authority.  ECF No. 36-9.
9       Petitioner's final state habeas petition was filed in the California Supreme Court on
10 January 31, 2022.  ECF No. 36-10.  It was denied by order dated April 13, 2022.  ECF No. 36-11
11 (undated order); see also California Courts Appellate Courts Case Information, available at
12 https://tinyurl.com/yc3bw6py (last visited August 3, 2023).
13       **C.  Federal Habeas Proceedings**
14       By order dated February 17, 2021, claims one and two of petitioner's original federal
15 habeas application were dismissed because they raised only state law claims that are not
16 cognizable in federal habeas.  See ECF No. 25.  The same order granted petitioner's motion for a
17 stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  ECF No. 25 at 2.  This
18 action was therefore administratively stayed pending exhaustion of petitioner's state court
19 remedies.  Id.
20       On June 12, 2022, petitioner filed a motion to lift the stay of these proceedings.  ECF No.
21 31.  By order dated July 28, 2022, the stay of this case was lifted and petitioner was granted 30
22 days to file a first amended § 2254 petition.  ECF No. 32.
23       Petitioner filed his first amended § 2254 petition on **August 1, 2022** raising six claims for
24 relief.  ECF No. 33.  In his first claim, petitioner raises a facial challenge to the Three Strikes
25 Law.  ECF No. 33 at 6.  He next contends that his trial lawyer provided ineffective assistance of
26 counsel in failing to investigate his defense.  ECF No. 33 at 8.  Petitioner also asserts that his
27 sentence violates the Thirteenth Amendment's prohibition against slavery and indentured
28 servitude.  Id. at 9.  Fourth, petitioner challenges his sentence alleging that it violates the Eighth

Amendment because it is disproportionate to other felony sentences. Id. at 11. Petitioner also alleges that his appellate counsel was ineffective for submitting a Wende brief in the California Court of Appeal.[4] Id. at 50-52. Lastly, petitioner asserts that he is factually innocent of his strike prior which he alleges is the gateway to have his remaining claims reviewed on the merits. ECF No. 33 at 52-53 (citing Schlup v. Delo, 513 U.S. 298 (1995)).

## II.     Motion to Dismiss

In the motion to dismiss, respondent contends that all claims except the ineffective assistance of trial counsel claim were untimely filed because they do not relate back to any of the claims in petitioner's original federal habeas petition. ECF No. 35. According to respondent, these claims were filed "well over a year" after the statute of limitations expired. ECF No. 35 at 3. Respondent acknowledges that based on this court's Findings and Recommendations of December 9, 2020, the statute of limitations started on August 6, 2019, after petitioner received notice of the California Supreme Court denial, and expired one year later on August 6, 2020 absent any additional statutory or equitable tolling. ECF No. 35 at 4. However, based on the pendency of petitioner's first and second state habeas petitions, he is entitled to statutory and gap tolling from January 16, 2020 until August 4, 2020. ECF No. 35 at 5-6; see also 28 U.S.C. § 2244(d)(2); Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010 (explaining the standard used in determining whether gap tolling applies). The statute of limitations re-started on August 5, 2020 and was not tolled during the pendency of petitioner's third state habeas petition filed in the Sacramento County Superior Court because it was denied as an untimely and successive rendering it not "properly filed" for federal statute of limitations analysis. ECF No. 35 at 6. Thus, according to respondent, the statute of limitations expired on **February 22, 2021**. ECF No. 35 at 6. Petitioner's subsequent state habeas corpus petitions did not revive the statute of limitations that had expired before they were filed. Id. Thus, according to respondent, petitioner's first amended § 2254 petition was filed 17 months after the statute of limitations expired. Respondent does concede that the ineffective assistance of trial counsel claim raised in

---

[4] See California v. Wende, 25 Cal.3d 436 (1979).

4

claim two of the amended § 2254 petition relates back to the timely filed original § 2254 claim raised in ground 3.  ECF No. 35 at 7 n. 9.  Therefore, that claim is timely filed.  Petitioner does not meet the actual innocence exception to warrant any equitable tolling of the statute of limitations because his assertion of innocence is entirely conclusory and not supported by any new and reliable evidence.  ECF No. 35 at 8.

      Petitioner filed an opposition to the motion to dismiss requesting both statutory and equitable tolling.  ECF No. 52.  First, petitioner argues that the statute of limitations was statutorily tolled for the entire time that his six state habeas petitions were pending.  Petitioner also requests equitable tolling based on his actual innocence.  "[H]e is actually and factually innocent of the charges that resulted in his enhanced sentencing punishment…."  ECF No. 52 at 16.  Additionally, petitioner contends that he is entitled to equitable tolling because he was denied "reasonable access to the prison law library, copying and legal assistance at the Salinas Valley [S]tate Prison all of the year 2020 and parts of 2021 while under the [Covid-19] State of Emergency."  ECF No. 52 at 3-4.[5]  Petitioner also requests equitable tolling based on the ineffective assistance of his appellate counsel for submitting a <u>Wende</u> brief on direct appeal.  According to petitioner, he discovered the bases for habeas relief in February 2021, entitling him to an alternate start date of the statute of limitations.  Lastly, petitioner argues that the statute of limitations itself violates the suspension clause and the separation of powers doctrine.

      By way of reply, respondent points out that petitioner is not entitled to an alternate start date of the statute of limitations based on the discovery of legal grounds to challenge his conviction that were discovered by his jailhouse lawyer.  ECF No. 53 at 2 (citing <u>Hasan v. Galaza</u>, 254 F.3d 1140, 1154 n. 3 (9th Cir. 2001)).  Moreover, alternate start dates are analyzed claim-by-claim and do not provide a catch-all that would render all of his claims timely filed.  Respondent submits that petitioner was aware of the factual predicate supporting his new claims for relief at the time of his plea and sentencing in 2017, or, at the very latest, during his direct appeal in 2018.  Respondent points out that petitioner does not dispute that claims 1 and claims 3-

---

[5] Petitioner also attached several prison documents to his opposition describing the limited availability of photocopying services in February and March 2023.  ECF No. 52 at 24-26.

5

6 do not relate back to any of his timely filed claims in his original § 2254 petition.  Regarding petitioner's request for equitable tolling, respondent points out that during the Covid-19 state of emergency, petitioner was able to file one state habeas petition in 2020 and two state habeas petitions in 2021.[6]  Petitioner also submitted his motion to stay these federal habeas proceedings in June 2020.  Further, "[p]etitioner's assertion that he is entitled to equitable tolling because appellate counsel failed to raise issues on appeal is cursory and offered without any supporting case law."  ECF No. 53 at 8.  Similarly, petitioner's actual innocence argument is not supported by any new evidence and thus does not justify equitable tolling.  Lastly, the Supreme Court as well as the Ninth Circuit Court of Appeal have rejected the argument that the statute of limitations violates the separation of powers doctrine.  ECF No. 53 at 10 (citations omitted).

Petitioner was granted permission to file a sur-reply by order dated April 26, 2023.  ECF No. 58.  In his sur-reply, petitioner requests equitable tolling from the beginning of 2020 until May 2023 when the Covid-19 emergency declaration was lifted.  ECF No. 59 at 4.  As support therefore, petitioner submitted a Memorandum from the Librarian at Salinas Valley State Prison stating that "[f]or the first year of COVID, there was no law library access as programming was suspended.  As restrictions were eased, access remained erratic due to outbreaks, library staff shortages, and custody shortages.  Frequent closures made it difficult to access the library for research and other services."  ECF No. 59 at 8.  During this time, petitioner "was not allowed reasonable access to the law library, nor an adequate law library facility with inmates who are paralegal graduates or counsel" as required by Bounds v. Smith, 430 U.S. 817 (1977), abrogated by Lewis v. Casey, 518 U.S. 343 (1996).  Alternatively, petitioner argues that he is "actually and factually innocent" of the finding of his strike prior and that the recidivist Three Strikes Law is just a "re-enslavement of poor disenfranchised black people and people of color."  ECF No. 59 at 6.

/////

---

[6] Respondent also submitted relevant portions of the California Department of Corrections and Rehabilitation's Department Operational Manual governing law library usage and the available paging system when a prison is on modified program status.  See ECF No. 54-1.

### III. Legal Standards

#### A. Statute of Limitations

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

#### B. Statutory Tolling

The statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has expired (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

#### C. Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the

7

existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" Holland, 560 U.S. at 653 (citations omitted). However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

### D. Relation Back Doctrine

Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." This rule applies in habeas corpus proceedings. Mayle v. Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000). In Mayle, the Supreme Court held that relation back is appropriate if the claim to be amended into the petition is tied to the original timely petition by "a common core of operative facts." Mayle, 545 U.S. at 664. Conversely, the claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth. Id. at 650. The Mayle court expressly rejected the Ninth Circuit's interpretation of the rule that a claim relates back if it arises merely from the same judgment and conviction. Id. at 656–657. "An amended habeas petition does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."

Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (quoting Mayle, 545 U.S. at 650).

### IV.   Analysis

This court previously determined that petitioner's delay in receiving the California Supreme Court's direct appeal decision justified equitable tolling and/or an alternate start date of the statute of limitations. See ECF No. 21 at 7 (Findings and Recommendations); ECF No. 25 (Order adopting Findings and Recommendations). This finding represents the law of the case and still controls the calculation of the statute of limitations. See ECF No. 35 at 4. Indeed, the respondent agrees that the law of the case doctrine applies in determining when the statute of limitations commenced in this case. See ECF No. As a result, the statute of limitations did not start until **August 6, 2019** and it expired one year later on August 5, 2020, absent any additional statutory or equitable tolling. See ECF No. 21 at 8.

### A.   Alternate Start Date of the Statute of Limitations

Petitioner requests an alternate start date for the statute of limitations beginning in February 2021 when his jailhouse lawyer discovered the legal bases raised in the pending amended § 2254 petition. See ECF No. 36-6 at 3-4 (Declaration of Johndell Henderson); ECF No. 36-6 at 5-8 (Declaration of Petitioner). However, respondent correctly points out that discovering the legal significance of particular facts is not a recognized basis to start the statute of limitations. See 28 U.S.C. § 2244(d)(1)(D) (recognizing that the statute of limitations may commence from "the date on which the factual predicate of the claim… could have been discovered through the exercise of due diligence."); see also Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001) (concluding that "to have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance *and* resulting prejudice.") (emphasis in original). Because petitioner was aware of the factual predicate supporting his current ineffective assistance, sentencing, and actual innocence claims by the time of his direct appeal in 2018, the undersigned concludes that he is not entitled to an alternate start date of the statute of limitations.

/////

### B. Statutory Tolling

Petitioner's first state habeas petition filed on January 16, 2020 tolled the statute of limitations with 212 days remaining on the clock. While this state habeas petition was pending in the trial court, petitioner filed his second post-conviction collateral proceeding in the same court. Respondent concedes that statutory tolling is appropriate until the date that petitioner's second post-conviction proceeding was denied by the Sacramento Superior Court. Therefore, the statute of limitations remained tolled until August 4, 2020.

The parties disagree about whether petitioner's third through sixth state habeas petitions entitle him to additional statutory tolling. The undersigned finds that statutory tolling is not warranted between August 4, 2020 and October 8, 2020 because petitioner's third state habeas application was denied as a successive and untimely petition and therefore not "properly filed." See 28 U.S.C. § 2244(d)(2) (allowing tolling only for "a properly filed application for State post-conviction or other collateral review…."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (finding that "[f]or tolling to be applied based on a second round [of state postconviction review], the petition cannot be untimely or an improper successive petition.") (citations omitted). As a result, the statute of limitations restarted on August 5, 2020 and expired on **February 23, 2021**.[7] Petitioner's fourth through sixth state habeas petitions were all filed after the statute of limitations had expired. Thus, no additional statutory tolling is warranted during the pendency of these state habeas petitions. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner's first amended § 2254 petition was filed **524 days late** absent any additional equitable tolling.

/////

/////

---

[7] By respondent's calculation, the statute of limitations expired on February 22, 2021. This does not exclude the date of the event when the Sacramento County Superior Court denied petitioner's second state habeas petition. See Fed. R. Civ. P. 6(a)(1)(A) (explaining that when a deadline is stated in days or a longer unit of time, "the day of the event that triggers the period is not counted…."); see also Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies when calculating the one-year grace period after the enactment of the AEDPA as well as statutory tolling).

C.   **Equitable Tolling**

   **1. Lack of Access to Law Library during Covid-19**

The parties have submitted dueling declarations regarding the impact of Covid-19 on petitioner's law library access. Compare ECF No. 59 at 8 (Memorandum of SVSP Librarian); with ECF No. 54-1 (CDCR DOM § 101120.8 *et seq.*) In resolving petitioner's request for equitable tolling on this basis, the court credits petitioner's evidence as it is the only specific evidence before the court that addresses law library access at Salinas Valley State Prison where petitioner was an inmate during the relevant time period based on the Covid-19 pandemic. This evidence indicates that "[f]or the first year of COVID, there was no law library access as programming was suspended. As restrictions were eased, access remained erratic…. Frequent closures made it difficult to access the library for research and other services." ECF No. 59 at 8.

In order to be entitled to equitable tolling, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Between June 2020 and December 2021, petitioner was able to file three separate state habeas petitions as well as a motion for a stay and objections to the Findings and Recommendations in this court. Based on the number of both state and federal pleadings that petitioner was able to file during the height of the Covid-19 pandemic, the undersigned finds that he has failed to establish that this was the but-for cause of his untimely filing. Moreover, recent district court decisions concerning equitable tolling based on the Covid-19 pandemic support this court's conclusion. See Purtill v. Covello, Case No. 2:22-cv-0199-KJM-DB-P, 2022 WL 16702093 (E.D. Cal. Nov. 3, 2022) (denying equitable tolling due to prison shut downs and mail delays caused by COVID-19 pandemic based on a lack of specific details supporting tolling requests); Valles v. Allison, 2022 WL 3327386 at *4-5 (S.D. Cal. Aug. 11, 2022), adopted by 2023 WL 2447520 (March 10, 2023); Sholes v. Cates, Case No. 1:21-cv-01006-DAD-HBK, 2021 WL 5567381 (E.D. Cal. Nov. 29, 2021) (rejecting equitable tolling claim based on lack of causation and lack of diligence where "there was, in fact, a paging system in place to allow access to the law library during COVID in the later stages that he failed to utilize…."); Shepherd v. Asuncion, 2021 WL 6496744, at *8 (C.D. Cal. Nov. 3, 2021); Holguin

11

v. Pfeiffer, Case No. 1:20-cv-01715-NONE-HBK, 2021 WL 3883697 (E.D. Cal. Aug. 31, 2021) (denying equitable tolling due to prison lockdowns and lack of law library resulting from pandemic because petitioner did not show it was the cause of his untimely filing where the statute of limitations expired before March 2020 and any pandemic restrictions started); Lara v. McDowell, Case No. 1:21-cv-00044-NONE-HBK, 2021 WL 2805644 (E.D. Cal. July 6, 2021) (rejecting equitable tolling argument where the statute of limitations expired before the COVID-19 protocols started and where petitioner was able to file 4 state habeas petitions during such restrictions). Therefore, the court finds that petitioner is not entitled to additional equitable tolling on this basis.

### 2. IAC of Appellate Counsel

Petitioner faults his appellate counsel for filing a Wende brief on appeal instead of raising the ineffective assistance of his trial lawyer and his sentencing challenges. However, petitioner entered a no contest plea and was not granted a certificate of probable cause to appeal these issues by the trial court. See ECF No. 36-7 (explaining that appellate counsel was not able to raise any issue not included in a certificate of probable cause); see also ECF No. 13-2 at 2 (California Court of Appeal opinion indicating that the lack of a certificate of probable cause precluded review of petitioner's stipulated sentence as well as his other claims raised in a pro se appellate brief). Therefore, petitioner cannot demonstrate that appellate counsel's performance was deficient under Strickland in light of this procedural background governing his appeal. As appellate counsel's performance was not deficient, petitioner has not demonstrated that he received ineffective assistance under the two-prong standard of Strickland v. Washington, 466 U.S. 668 (1984). Therefore, the undersigned concludes that he is not entitled to equitable tolling on this basis.

### 3. Actual Innocence

When asserting his actual innocence, petitioner focuses on the underlying felony conviction that constituted his strike prior. See ECF No. 52 at 16 (explaining that he is "actually and factually innocent of the charges that resulted in his enhanced sentencing punishment…."). The court understands this claim as an argument that petitioner is actually innocent of the

sentence that he received rather than a claim of innocence related to the conviction. Even if petitioner's argument related to the conviction itself, however, he has not come forward with any new and reliable evidence to meet the Schlup actual innocence standard. See Schlup v. Delo, 513 U.S. 298, 329 (1995) (emphasizing that "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). For this reason alone, the court recommends denying petitioner equitable tolling on the basis of actual innocence.

### D. Constitutionality of the Statute of Limitations

Petitioner also argues that the one-year statute of limitations violates the Suspension Clause and the separation of powers doctrine. However, this argument is squarely foreclosed by Ninth Circuit precedent. See Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000) (joining other circuits and concluding that the statute of limitations does not constitute "a per se violation of the Suspension Clause."); see also Crater v. Galaza, 491 F.3d 1119, 1126, 1129 (9th Cir. 2007) (rejecting argument that 28 U.S.C. § 2254(d)(1) violates the Suspension Clause as well as the separation of powers doctrine). Petitioner presents no new argument that would call into question these decisions. Therefore, the court finds that petitioner's amended § 2254 application is subject to the one year statute of limitations outlined in 28 U.S.C. § 2244(d) as it is not unconstitutional.

### E. Relation Back Doctrine

As petitioner does not contend that claims 1 and 3-6 relate to any of his claims in the original § 2254 petition, there is no legal basis upon which this court can find that they are timely filed. As a result, and in light of the foregoing analysis, the undersigned recommends granting respondent's motion to dismiss these claims with prejudice as barred by the statute of limitations.

## V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the partial motion to dismiss, the undersigned has determined that you filed claims 1 and 3-6 in your amended § 2254 petition too late. As a result, it is recommended that they be dismissed with prejudice and not be considered on the merits. Your ineffective

13

assistance of trial counsel claim was timely filed and can proceed to a review of the merits.

If you disagree with this result, you have 14 days to explain to the court why it is wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review them and render the final decision.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's partial motion to dismiss (ECF No. 35) be granted.
2. Claims 1 and 3-6 of the first amended federal habeas corpus petition (ECF No. 33) be dismissed with prejudice as barred by the statute of limitations.
3. This matter be referred back to the magistrate judge for consideration of claim two on the merits.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hunt0592.mtd.CJRA

14