UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANVAL G. HUNTER-HARRISON, JR., <br><br>    Petitioner, <br><br>    v. <br><br>M. ATCHLEY, <br><br>    Respondent. | No.  2:20-cv-0592-WBS-CKD P <br><br> FINDINGS AND RECOMMENDATIONS |

Petitioner Granval Hunter-Harrison, Jr., a state prisoner, proceeds pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges a 2017 judgment in the Sacramento County Superior Court convicting him of assault with a semi-automatic firearm and being a felon in possession of a firearm. Presently at issue is petitioner's claim two in his first amended federal petition asserting ineffective assistance of counsel. For the reasons set forth below, the claim is without merit and petitioner's application for habeas corpus relief should be denied.

## BACKGROUND

The California Court of Appeal for the Third Appellate District provided the following summary of facts and procedure:[1]

---

[1] The facts set forth by the state court of appeal are presumed correct. 28 U.S.C. § 2254(e)(1).

1

> After a dispute over ownership of a motorbike, defendant fired at least eight shots at a truck containing the motorbike and driven by the victims. The police found eight shell casings in the area where defendant was seen standing. The police also found a bullet hole near the tailgate on the truck. A neighbor's surveillance camera recorded defendant firing the gun. The People charged defendant with two counts of assault with a semi-automatic firearm (Pen. Code, § 245, subd. (b) )1 and being a felon in possession of a firearm (§ 29800, subd. (a)(1)). The amended information included two allegations that defendant had used a semi-automatic firearm (§ 12022.5, subds. (a), (d)) and further alleged that defendant was previously convicted of a strike offense (§ 667, subds. (b)-(i)) and served a term in prison (§ 667.5, subd. (b)).
>
> Pursuant to a negotiated plea agreement, defendant pleaded no contest to both assault charges, counts one and two of the amended information. He also admitted the two section 12022.5 allegations and the strike. In exchange for his plea, the People moved to dismiss the remaining charges and allegations and the parties stipulated to a term of 27 years four months in state prison, which included the upper term of 10 years in prison for the section 12022.5 allegation on count one, and a consecutive sentence of one-third the midterm for that same allegation on count two.
>
> At sentencing, the court imposed the stipulated sentence[.]

People v. Harrison-Hunter, No. C084771, 2018 WL 1516640, at *1 (Cal. Ct. App. Mar. 28, 2018) (footnote omitted).

Petitioner timely appealed the judgment. The California Court of Appeal for the Third Appellate District examined the entire record pursuant to People v. Wende, 25 Cal.3d 436 (1979) and found no arguable error that would result in a more favorable disposition. See Harrison-Hunter, 2018 WL 1516640, at *2. The state appellate court modified the judgment to conform to the plea regarding dismissed counts and otherwise affirmed the judgment on March 28, 2018. Id. The California Supreme Court denied review on September 16, 2020. (ECF No. 13-4.)

Petitioner filed three state habeas petitions in the Sacramento County Superior Court, one habeas petition in the California Court of Appeal, and one habeas petition in the California Supreme Court. (ECF Nos. 36-1, 36-4, 36-6, 36-8, 36-10.) These petitions were denied. (ECF Nos. 36-2, 36-5, 36-7, 36-9, 36-11.)

Petitioner initiated the present federal action on March 10, 2020.[2] (ECF No. 1.) By order

---

[2] Filing dates are calculated using the prison mailbox rule where applicable. See Houston v. Lack, 487 U.S. 266 (1988).

2

filed on February 17, 2021, the court dismissed claims one and two of the original federal petition because they raised only state law claims not cognizable in federal habeas. (See ECF No. 25.) The same order granted petitioner a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005) and administratively stayed this action pending further exhaustion of state court remedies. (Id. at 2.) By order filed on July 28, 2022, the stay of this case was lifted. (ECF No. 32.)

Petitioner filed his first amended federal petition raising six claims for relief on August 1, 2022. (ECF No. 33.) Respondent filed a partial motion to dismiss directed to claim 1 and claims 3-6 of the first amended federal petition. (ECF No. 35.) On September 26, 2023, the court granted respondent's partial motion to dismiss and dismissed with prejudice those claims as barred by the statute of limitations. (ECF No. 62 at 2.) On November 16, 2023, respondent filed a first amended answer to claim 2 of the first amended federal petition. (ECF No. 68.) Petitioner filed a traverse. (ECF No. 73.)

**STANDARDS OF REVIEW APPLICABLE TO HABEAS CORPUS CLAIMS**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, 565 U.S. 34, 37 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "'may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably.'" Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 569 U.S. 58, 64 (2013) (citing Parker v. Matthews, 567 U.S. 37 (2012)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct." Id. at 1451. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003) (quoting Williams, 529 U.S. at 405-06). "Under the 'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] [Supreme] Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.'" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413); Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Andrade, 538 U.S. at 75 ("It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." (Internal citations and quotation marks omitted.)).

4

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

There are two ways a petitioner may satisfy subsection (d)(2). Hibbler v. Benedetti, 693 F.3d 1140, 1146 (9th Cir. 2012). He may show the state court's findings of fact "were not supported by substantial evidence in the state court record" or he may "challenge the fact-finding process itself on the ground it was deficient in some material way." Id. (citing Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004)); see also Hurles v. Ryan, 752 F.3d 768, 790-91 (9th Cir. 2014) (If a state court makes factual findings without an opportunity for the petitioner to present evidence, the fact-finding process may be deficient and the state court opinion may not be entitled to deference.). Under the "substantial evidence" test, the court asks whether "an appellate panel, applying the normal standards of appellate review," could reasonably conclude that the finding is supported by the record. Hibbler, 693 F.3d at 1146 (9th Cir. 2012).

The second test, whether the state court's fact-finding process is insufficient, requires the federal court to "be satisfied that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." Hibbler, 693 F.3d at 1146-47 (quoting Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004)). The state court's failure to hold an evidentiary hearing does not automatically render its fact-finding process unreasonable. Id. at 1147. Further, a state court may make factual findings without an evidentiary hearing if "the record conclusively establishes a fact or where petitioner's factual allegations are entirely without credibility." Perez v. Rosario, 459 F.3d 943, 951 (9th Cir. 2006) (citing Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003)).

If a petitioner overcomes one of the hurdles posed by section 2254(d), this court reviews the merits of the claim de novo. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see

also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc). For claims upon which a petitioner seeks to present evidence, the petitioner must meet the standards of 28 U.S.C. § 2254(e)(2) by showing that he has not "failed to develop the factual basis of [the] claim in State court proceedings" and by meeting the federal case law standards for the presentation of evidence in a federal habeas proceeding. See Cullen v. Pinholster, 563 U.S. 170, 186 (2011).

This court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[I]f the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, [this court] may consider both decisions to 'fully ascertain the reasoning of the last decision.'" Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (quoting Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005)). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 293 (2013). When it is clear that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court reviews the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

## ANALYSIS

### I.     Petitioner's Allegations

Petitioner claims his counsel for the plea rendered ineffective assistance by misleading him about the strength of the case and other matters, resulting in petitioner's rejection of a plea deal for a lower term than the deal he eventually accepted. (ECF No. 33 at 8, 32-39.) More

specifically, petitioner alleges he discussed with his trial counsel, Mr. Shapiro, the details of a prior attempted burglary conviction sustained in 2008 and whether it was a violent felony for sentence enhancement purposes. (Id. at 32-33.) Counsel stated if petitioner's recollection and description were accurate, "it would give the defense great leverage [for] a negotiated plea deal between 5 and possibly no more than 14 years." (Id. at 33.) However, counsel later informed petitioner the records did not support what petitioner had stated and that the prosecutor would only agree to 20 years. (Id. at 33-34.)

Petitioner also told counsel he had been robbed and assaulted with a firearm by Ricky Fowler Sr. just prior to the shooting, such that he felt he had a meritorious defense. (Id. at 34-36.) Counsel agreed the circumstances petitioner related would be a meritorious defense and promised to investigate by checking video footage and looking for a bill of sale signed by Ricky Fowler Sr. that would show petitioner had purchased the motorbike that was the subject of the dispute and was the owner of the motorbike. (Id. at 36.)

On March 15, 2017, petitioner rejected a deal of 20 years and 8 months. (ECF No. 33 at 36.) Counsel informed petitioner he was still waiting to hear back from the investigator regarding whether the signed bill of sale for the motorbike could be located. (Id.) Petitioner rejected the deal because he hoped he would be able to prove that he had been robbed, threatened, and shot at with a gun. (Id. at 36.)

On March 20, 2017, counsel informed petitioner the investigator could not locate the bill of sale petitioner described and that petitioner had "zero defense[.]" (ECF No. 33 at 27.) Counsel also provided the records to petitioner which reflected petitioner had pled no contest to using a firearm during commission of the prior attempted burglary offense. (Id.) Had petitioner known beforehand that counsel had "zero defense" for petitioner, his decision for the lower offer would have been different. (Id. at 36.) Petitioner alleges counsel's misleading advice caused him to reject the more favorable plea deal. (Id.)

**II.     Additional Background**

Petitioner pled no contest on March 21, 2017, in exchange for the stipulated sentence of 27 years and four months in prison. (ECF No. 67-2 at 131-33.) Prior to entry of the plea,

7

petitioner commented on the initial, more favorable plea offer, and the trial court held a hearing under the procedure set forth in People v. Marsden, 2 Cal.3d 118 (1970). (Id. at 87-88.) During the Marsden hearing, petitioner stated he received the prior offer at the preliminary hearing, which was before he saw the video of the incident.[3] (Id. at 93.) Petitioner testified he rejected the deal because he thought he could impeach the victims at trial based on a statement the defense investigator got from them, because he felt like he had a possible claim of self-defense based on their statements, and because he had hoped that he could be convicted of a lesser charge of discharging a firearm rather than assault with a firearm based on the angle he fired and where the bullets struck the victim's truck. (Id. at 90-93.)

Defense counsel testified petitioner was shown the video of the shooting prior to January 3, 2017. (ECF No. 67-2 at 99-100.) Defense counsel testified he and petitioner discussed the case in January of 2017 and counsel explained that petitioner did not have a good case for self-defense even if he had been threatened because of the evidence that he shot at the victims when they were in their truck driving away. (Id. at 101-103, 107-08.)

Defense counsel testified he advised petitioner to take the 20 year 8 month offer on March 16, 2017. (ECF No. 67-2 at 105.) Counsel had received all discovery and all investigator reports and told petitioner that going to trial was not a good idea. (Id. at 109.) Counsel did not advise petitioner that any additional investigation was ongoing or would be helpful to his defense. (Id. at 108, 111-112.) Counsel never told petitioner they could succeed at trial. (Id. at 121.)

In further testimony, petitioner stated counsel had told him the investigator report might get the district attorney to present a better offer. (ECF No. 67-2 at 123.) Petitioner felt counsel should have told him sooner that he had no defense. (Id. at 122-23.)

The trial court found petitioner had rejected the plea deal on March 17, 2017, after being informed that no additional investigative efforts were underway. (ECF No. 67-2 at 125.) The trial court found that, at the time petitioner rejected the offer, he was aware of the evidence against him, aware that the defense investigation had been completed, and aware that counsel had advised

---

[3] The preliminary hearing took place on November 1, 2016. The trial court noted the offer had stayed open "until last week." (ECF No. 67-2 at 93-94.)

8

1  him to take the plea. (Id. at 125-29.) The trial court found no ineffective assistance of counsel and
2  denied the Marsden motion. (Id. at 126.)
3        Petitioner raised his ineffective assistance of counsel claim in a state habeas petition filed
4  in the California Superior Court. (ECF No. 36-6 at 64-67.) The superior court rejected the claim,
5  noting petitioner had not attached the relevant pages of the reporter's transcript to the petition and
6  finding the claim barred for that failure. (ECF 36-7 No. at 3.) Petitioner reraised his ineffective
7  assistance claim in a habeas petition filed in the California Court of Appeal, which summarily
8  denied the petition. (ECF No. 36-8, 36-9.) Petitioner also presented the ineffective assistance
9  claim to the California Supreme Court in a habeas petition filed with excerpts of transcripts
10 attached thereto. (ECF No. 36-10.) The California Supreme Court summarily denied the petition.[4]
11 (ECF No. 36-11.)

      **III.    Merits of the Claim**

To prevail on his Sixth Amendment ineffective assistance of counsel claim, petitioner must establish that counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice from the deficient performance. Strickland v. Washington, 466 U.S. 668, 690 (1984); see also Lafler v. Cooper, 566 U.S. 156, 162 (2012) (the Sixth Amendment right to the effective assistance of counsel extends to the plea-bargaining process, including the decision whether to accept or reject a plea offer). Deficient performance requires a showing that counsel's performance was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. 687 & 697. Prejudice is found where there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.

"Surmounting Strickland's high bar is never an easy task," and review under the AEDPA is doubly deferential. Richter, 562 U.S. at 105. "[T]he pivotal question" for a federal court conducting habeas corpus review under section 2254(d) "is whether the state court's application

---

[4] Because petitioner presented additional evidence to the California Supreme Court in the form of transcripts which were not considered by the superior court, this court does not look through to the reasoning of the superior court opinion. See Wilson v. Sellers, 584 U.S. 122, 132 (2018) (explaining the look through presumption may not apply when "the State's highest court relied on a different ground than the lower state court").

of the Strickland standard was unreasonable," which "is different from asking whether defense counsel's performance fell below Strickland's standards." Richter, 562 U.S. at 101. The determination to be made is not whether counsel acted reasonably but "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. at 105.

Petitioner's claim fails because the record reflects a reasonable argument that counsel satisfied Strickland's deferential standard. See Richter, 562 U.S. at 105. Reasonable jurists could find counsel satisfied Strickland's deferential standard in connection with the initial plea offer by advising petitioner to accept the offer. Petitioner does not dispute that counsel advised him to accept the initial plea deal and that he disregarded counsel's advice.

In addition, absent clear and convincing evidence to the contrary, the trial court's factual finding that petitioner was aware of the evidence against him and knew the defense investigation was complete when he rejected the plea is binding on this court. See 28 U.S.C. § 2254(e)(1); Burt v. Titlow, 571 U.S. 12, 18 (2013). Petitioner provides no evidence to cast doubt on the state court's conclusion in this regard and seeks to rely on the allegations in the petition. But even if this court could credit petitioner's allegation that counsel indicated they were still waiting for information from the investigator, no ineffective assistance of counsel occurred under petitioner's allegations because counsel advised petitioner to accept the plea. As counsel explained, petitioner did not have a good case for self-defense because of the evidence that he shot at the victims when they were in their truck driving away. (See ECF No. 67-2 at 107-08.) Proof that petitioner owned the motorbike could not change that "the threat [to petitioner] dissipated once the people got in their truck and drove away." (Id. at 108.)

Fundamentally, petitioner's complaints about counsel's performance are allegations that he thinks counsel's performance could have been better or that counsel's advice could have been more effectively delivered. For example, petitioner testified he thought counsel should have told him he had no defense much sooner. But the trial court reasonably found based on trial counsel's testimony that counsel did not do or say anything that would have caused a reasonable person to believe they would get a better deal or have success at trial at the relevant time when petitioner rejected the first offer. (ECF No. 67-2 at 126.) Counsel testified he met with petitioner multiple

times in preparation for trial, provided the complaint and all discovery to petitioner, and went over the discovery in detail with petitioner prior to petitioner rejecting the plea deal at issue. (Id. at 96-97.) Petitioner's allegations imply that counsel's advice to take the deal might have been more effective if counsel had also stated then that petitioner had "zero defense" as counsel allegedly stated a few days later. Such a complaint fails to suggest any performance by counsel outside the wide range of professionally competent assistance. Defense counsel advised petitioner to take the plea offer and petitioner did not follow counsel's sound advice. Petitioner fails to demonstrate the state court unreasonably applied the Strickland standard to the facts of this case.

## CONCLUSION

Petitioner's sole remaining claim in the first amended petition—claim two asserting ineffective assistance of counsel—is without merit. Accordingly, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In any objections, petitioner may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 30, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, hunt0592.fr